IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| V. § | NO. A-09-CR-265 LY |
| § | |
| CRAIG MICHAEL SMITH § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended.

The Court conducted a hearing on July 18, 2013, and heard evidence and arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

I. PROCEDURAL BACKGROUND

On October 1, 2009, the Defendant was sentenced to 48 months in prison, and three years of supervised release, for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). The Defendant was released from the Bureau of Prisons and began supervision on November 8, 2012.

The Defendant's initial adjustment to supervision has been largely positive. The Defendant had a stable residence with his grandparents, and obtained stable employment. He has family support from his grandparents and mother, and also has a committed relationship and is expecting

his first child in two months. The Defendant was scheduled to have reconstructive ACL and meniscus surgery in January 2013, and terminated his employment as a result. The surgery was then rescheduled to March 2013, and the Defendant remained unemployed up to, and since, the time of the surgery.

On June 27, 2013, at 3:35 a.m., the Defendant was arrested and charged with DWI. The offense report indicates that an APD officer at the intersection of Parmer Lane and Lamar Blvd. witnessed the Defendant run a red light, nearly hit a cyclist, ram into the median, drive briefly on the wrong side of the road, jump back over the median, and continue at a high rate of speed down Parmer Lane. He was eventually pulled over, failed a field sobriety test, and was arrested and charged with DWI. Those charges remain pending in state court. Subsequent to the arrest, and the Defendant's release from custody, the Defendant reported to the Probation Office. In the meeting he admitted that he had consumed alcohol on the evening in question, in addition to having taken pain medication for his knee. He indicated that his inability to work because of his knee surgery, and the stress associated with being unemployed with a child on the way, led him to make some bad decisions.

Based on the above, on July 9, 2013, the Probation Office submitted its petition and the undersigned authorized the issuance of a warrant. The Defendant was arrested on the warrant on that same day. On July 18, 2013, the Defendant and his attorney appeared before the undersigned Magistrate Judge. On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), the Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "TRUE" to the charges against him.

## II.  FINDINGS OF THE COURT

1. The Defendant was competent to make the decision to plead true to the petition.

2. The Defendant had both a factual and rational understanding of the proceedings against him.

3. The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

4. The Defendant has not had any injury that would affect his judgment in pleading true or that would affect his understanding of the basis, consequences, or effect of his plea.

5. The Defendant was sane and mentally competent to stand trial for these proceedings.

6. The Defendant was mentally competent to assist his attorney in the preparation and conduct of his defense.

7. The Defendant received a copy of the Petition naming him, and he read it.

8. The Defendant understood the Petition and the charges against him, and had the opportunity to discuss the Petition and charges with his attorney.

9. The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

10. The Government, without objection from the Defendant, gave a summary of the evidence against the Defendant.

11. The plea of true was freely, intelligently, and voluntarily made by the Defendant.

12. The Defendant understood all of his statutory and constitutional rights and desired to waive them.

13.     The Defendant voluntarily gave consent to allocute before the United States Magistrate Court.

14.     The Defendant violated conditions of his supervised release by: (1) consuming alcohol; and (2) missing or being late for counseling sessions.[1]

### III. RECOMMENDATION

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant, and has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. The most serious violation is a Grade C, and the Defendant's criminal history category is III, resulting in an (advisory) guideline range of 5 to 11 months of imprisonment.

This is a troubling case. The Court is very concerned by the Defendant's use of alcohol, and drinking and driving. It appears from the offense report that the Defendant could well have caused serious injury or death to the pedestrian/cyclist at the Lamar and Parmer intersection. Thankfully that did not happen, and the DWI charge will be dealt with primarily by the state courts.

On the other hand, the evidence presented at the revocation proceeding indicates that the Defendant has made a great deal of progress toward rehabilitating himself into a productive, law abiding person. The Defendant is only 28 years old, but his criminal record begins at age 11. He has come a long way in his rehabilitation, but he also has quite a bit further to go. He has the ability to have a stable residence, a job, and family support, things that many supervisees do not have. He also appears to be a hard worker, and is intelligent. While the DWI arrest is disturbing, the

---

[1] The Petition also alleges that the Defendant violated his conditions by committing the DWI offense. Because that charge is unadjudicated, the Defendant chose to make no plea to that violation, and the government agreed to proceed without that violation. No finding is therefore made with regard to that violation alleged in the Petition.

Defendant's reaction has been mature, and indicates a continuing desire to try to be law abiding, and complete his supervised release successfully. Though the undersigned knows that there is a risk of failure, I believe that it is appropriate to allow the Defendant a chance to continue his forward progression.

**ACCORDINGLY IT IS RECOMMENDED** that the Defendant be **CONTINUED** on supervised release, with the following modification of his conditions of supervision:

1. The defendant shall participate in the Location Monitoring Program using the location monitoring technology determined by the probation office, for a period of sixty (60) days. He shall abide by the rules and regulations of the Participant Agreement Form. During this time, he will remain at his place of residence except for employment and other activities approved in advance by his probation officer. He will maintain a telephone at his place of residence without "caller ID," "call forwarding," "call waiting," "call back/call block," a modem or a portable cordless telephone for the above period as directed by the probation officer. He will wear an electronic monitoring device and follow location monitoring procedures specified by his probation officer. He shall pay all or part of the costs of the program based on the ability to pay as directed by the probation officer

In the event the District Judge adopts this recommendation, the Defendant will have been given a second chance. As mentioned at the hearing, if the Defendant again violates, the Court will have no choice but to recommend the revocation of the Defendant's supervised release. To be successful, the Defendant will have to maintain stable employment, address his thinking problems, and—most importantly—take advantage of the support and guidance of the friends and family members who are a positive influence on him. The Defendant stated at the hearing that he understands this, and believes he both can and will do all of these things. While the statement is of some value, the Defendant's actions will be what matters, and what will be necessary for him to succeed.

IV. <u>OBJECTIONS</u>

In writing following the Court stating on the record its recommendation in this case, the parties waived the ten day period in which they may file of objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*). Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it. The Clerks is ORDERED to mail each Party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 18th day of July, 2013.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE